Opinion filed March 8, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00160-CV

                                                    __________

 

                             TIMOTHY
W. BUCHANAN, Appellant

 

                                                             V.

 

                                     JOYCE
HERRIDGE, Appellee



 

                                  On
Appeal from the 132nd District Court

 

                                                           Borden
County, Texas

 

                                                    Trial
Court Cause No. 1176-C

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
appeal arises from Timothy W. Buchanan’s pro se civil action filed against the district
clerk of Borden County.  The trial court granted the district clerk’s special
exceptions to appellant’s pleadings.  The trial court subsequently dismissed
appellant’s pleadings after he failed to cure the deficiencies by repleading
his allegations.  We affirm.

            Appellant
is an inmate in the Institutional Division of the Texas Department of Criminal
Justice.   He is currently serving a sixty-year sentence for his conviction occurring
on November 1, 2000, for aggravated sexual assault of a child.  Appellant’s
conviction arose from Trial Court Cause No. 192 in the 132nd District Court of Borden
County.  This court affirmed his conviction in 2002 in Cause No. 11-00-00368-CR.

            This
appeal concerns appellant’s indictment in Trial Court Cause No. 193.  The grand
jury indicted him for indecency with a child in Trial Court Cause No. 193.  Appellant
was never tried for the offense of indecency with a child in Trial Court Cause
No. 193 because the trial court granted the State’s motion to dismiss Trial
Court Cause No. 193 on October 29, 2007.  The State based the motion to dismiss
on the ground that “[t]he defendant was convicted in Cause Number 192 on the 1st
day of November, 2000, and was sentenced to sixty years in the Institutional
Division of the Texas Department of Criminal Justice and a $10,000.00 fine.”  Despite
the fact that Trial Court Cause No. 193 was dismissed on the State’s motion
after his conviction in the other case, appellant contends that the district
clerk  is liable to him under a tort theory of recovery because the indictment stated
the wrong term of court.  Appellant additionally contends that the district clerk
is liable to him for damages because the district attorney’s brother-in-law
served on the grand jury.[1] 
Irrespective of his conviction and sixty-year sentence arising from Trial Court
Cause No. 192, appellant contends that he suffered damages as a result of the
allegedly defective indictment in Trial Court Cause No. 193 because “it could
be use [sic] against me.”

In a single issue, appellant contends that the trial court erred in
failing to expunge the indictment in Cause No. 193 and his subsequent arrest
for the offense charged in the indictment. In this regard, appellant fails to
challenge the trial court’s order sustaining the district clerk’s special
exceptions and the subsequent dismissal of his claims against the district
clerk.  Accordingly, appellant cannot prevail on appeal because he has not
challenged the trial court’s order dismissing his claims against the district
clerk.  

Moreover, we conclude that the trial court did not err in granting
the district clerk’s special exceptions that appellant failed to state a cause
of action against her as a matter of law.  A special exception is the appropriate vehicle to illustrate that a plaintiff has failed to state a cause of
action. Tex. R. Civ. P. 90–91; State
v. Houdaille Indus., Inc., 632 S.W.2d 723, 724 (Tex. 1982).  An officer of a court who is an integral part of the judicial process is entitled to
the protection of derived judicial immunity.  Alpert v. Gerstner, 232
S.W.3d 117, 125–26 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  Officers
such as court clerks, law clerks, bailiffs, constables issuing writs, and
court-appointed receivers and trustees are entitled to judicial immunity if
they actually function as an arm of the court.  Id.; Delcourt v.
Silverman, 919 S.W.2d 777, 781 (Tex. App.—Houston [14th Dist.] 1996, writ
denied); Byrd v. Woodruff, 891 S.W.2d 689, 708 (Tex. App.—Dallas 1994,
writ dism’d by agr.).  An officer of the court “receives the same immunity as a
judge acting in his or her official judicial capacity—absolute immunity from
liability for judicial acts performed within the scope of jurisdiction.”  Dallas
County v. Halsey, 87 S.W.3d 552, 554 (Tex. 2002); Alpert, 232 S.W.3d
at 125–26.

Appellant’s
claims against the district clerk are directed exclusively at the district clerk’s
role in the judicial process.  Derivative judicial immunity is absolute in this
situation, and thus no recovery against the district clerk is possible.  Therefore,
appellant’s pleadings affirmatively negate a viable cause of action against the
district clerk.  The trial court did not err in dismissing appellant’s claims
against the district clerk for failing to state a cause of action as a matter
of law.  Appellant’s sole issue is overruled.

             The
judgment of the trial court is affirmed.              

 

 

                                                                                                PER
CURIAM

 

                                                                                                

March 8, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]Appellant has not cited any authority supporting his
contention that the district attorney’s brother-in-law was disqualified from
serving on the grand jury.  While a prosecutor that is personally involved in
presenting an indictment is subject to challenge, there is no statutory
authority precluding a relative of a prosecutor from grand jury service.  See
Tex. Code Crim. Proc. Ann. art.
19.31(2) (West  2005).